REQUESTED BY: Dear Senator Chambers:
You have called our attention to LB 905, and you ask our opinion as to the constitutional validity of one of the amendments to be affected by that bill. In our opinion the problem you raise is a real one, but can be resolved by proper construction of the statute.
LB 905 would amend section 77-907, R.R.S. 1943. This section now defines `premiums' as follows:
 "(3) Premiums shall mean the consideration paid to insurance companies for insurance and shall include policy fees, assessments, dues, or other similar payments except that premiums on pension, profit-sharing and other employee benefit plans which are described in section 805(d)(1) of the Internal Revenue Code of 1954, as amended as of January 1, 1965 shall be exempt from taxation;"
The bill would strike the words `as of January 1, 1965.' You suggest that this would be an unlawful delegation of legislative authority to Congress by incorporating into our statute all amendments to the Internal Revenue Code since January 1, 1965, and on into the indefinite future. If the bill were so interpreted it would undoubtedly be subject to the objection you raise.
In Smithberger v. Banning, 129 Neb. 651, 262 N.W. 492
(1935), the statute made reference to a federal act then pending before Congress, and provided for its having effect on the Nebraska legislation when passed. The court held this to be an unconstitutional delegation of legislative powers to Congress.
It is also clear, however, that the Legislature can adopt and incorporate by reference legislation previously passed by other legislative bodies, including Congress. SeeAnderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967). This, of course, is precisely what the Legislature did in the present version of section 77-907, when it made reference to section 805(d)(1) of the Internal Revenue Code of 1954, as amended as of January 1, 1965.
If we were to construe the elimination of the specified date to remove all restrictions and to incorporate future amendments, into the statute, it would be clearly invalid. It is not, of course, covered by Article III, section 1B of the Nebraska Constitution, which permits state income tax laws to be based upon future laws of the United States. The tax we are here concerned with is a tax on premiums, not income, and so is not covered by that constitutional provision.
However, in Anderson v. Tiemann, supra, the court quoted with approval from State ex rel. Meyer v. County ofLancaster, 173 Neb. 195, 113 N.W.2d 63, to the effect that where a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, will render it valid.
We believe that the bill, as now worded, can be interpreted to adopt the Internal Revenue Code, as amended, to the date of the passage and approval of LB 905. So construed, the amendment you inquire about presents no constitutional difficulties.
We recognize that the other construction is possible, but given the bias of the court toward constitutional, rather than unconstitutional interpretations of statutes, we believe the bill should be construed simply to incorporate Internal Revenue Code amendments adopted since January 1, 1965, to the date of passage and approval of the act. LB 905 does not contain the unequivocal language showing intention to incorporate future changes which was involved inAnderson v. Tiemann, nor does it refer to pending federal legislation, as in Smithberger v. Banning. It can be argued that had the Legislature intended the same result, it would have used language similar to that involved inAnderson v. Tiemann. Obviously, a few words added to the bill before passage would remove any doubts and eliminate the necessity for construction.